# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

Civil Action No. 5:09-CV-00412

| | |
|---|---|
| SCENERA RESEARCH LLC, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT PAUL MORRIS, <br><br> Defendant. | **COMPLAINT** |

Plaintiff Scenera Research LLC brings the following action against Defendant Robert Paul Morris pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, alleging as follows:

## THE PARTIES

1. Plaintiff Scenera Research LLC ("Scenera") is a limited liability company organized and existing under the laws of Delaware. Scenera's sole member is IP Funding, LLC, which is a limited liability company organized and existing under the laws of Delaware.

2. Defendant Robert Paul Morris ("Morris") is a North Carolina resident with a principal residence located at 712 Latta Street, Raleigh, North Carolina, 27607.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship, and the amount in controversy in this action is in excess of $75,000.00.

US2008 899018.6

4. This Court has personal jurisdiction over Morris, in that he is a resident of North Carolina and has regularly conducted business in this state.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(a), (b), and (c), in that a substantial part of the events or omissions giving rise to these claims have occurred, and are occurring, in this district. In addition, Morris is a resident of this judicial district in that he is subject to personal jurisdiction in this district.

## FACTS

6. Scenera is an independent research company focused on improving technologies in the wireless, communications, mobile, and media-sharing industries.

7. Scenera conducts scientific research in these areas, invents new technologies, and then files and obtains patents based on its research. Since its founding in 2002, Scenera has developed a substantial portfolio of patents and patent applications, which it licenses to third parties for revenue.

8. In January 2004, Scenera hired Defendant Morris as its Vice President of Research and Development.

9. In this position, Morris' obligations and responsibilities were to invent new technologies for the company, work with Scenera's patent attorneys or agents to prepare patent applications for inventions for which Scenera decided to pursue patent protection, and execute assignments and other documents necessary to demonstrate Scenera's ownership of those patent applications and any issued patents (hereinafter "Scenera's Patent Rights"). Morris was hired to invent, accomplish a prescribed result, and/or aid in the development of inventions for Scenera.

10. During his employment with Scenera, and as a primary focus of his job duties,

Morris invented or was a joint inventor of numerous inventions. Scenera—as well as its affiliated and subsidiary companies—filed numerous patent applications listing Morris as an inventor, and numerous patents issued listing Morris as an inventor. Scenera did not always file a patent application on inventions conceived by Morris.

11. In connection with Scenera's Patent Rights and as an employee of Scenera, Morris was obligated to sign assignments formally assigning ownership in the inventions described in Scenera's Patent Rights to Scenera, as well as its affiliated and subsidiary companies. Morris was a paid employee of Scenera when he signed such assignments and when he conceived the inventions that became patent applications for which he was obligated to sign such assignments.

12. In 2004, Scenera paid Morris a substantial salary for the tasks he performed, including a base salary in excess of $100,000 per year, plus benefits including health care, dental care, long term disability, short term disability, and life insurance.

13. When his employment with Scenera ended in July 2009, Morris' base annual salary exceeded $200,000, plus benefits.

## SCENERA'S BONUS PROGRAM

14. In addition to paying its inventors a base salary, at certain times Scenera also had in place a "Patent Payment Program" (hereinafter "the Bonus Program") designed to further encourage its inventors to develop inventions for the company, obtain patents on them, and remain with the company long-term to collect bonus payments if they were earned under the Bonus Program, all for the benefit of Scenera.

15. Under the Bonus Program, an inventor would earn a $5,000 bonus at the time the

US2008 899018.6

company filed a patent application naming the employee as an inventor with the United States Patent and Trademark Office (PTO). In addition, the inventor would earn a separate $5,000 bonus at the time a patent ultimately issued from the PTO naming the employee as an inventor. Accordingly, under the Bonus Program, an inventor who successfully developed an invention and filed a patent would earn two separate bonuses: i) $5,000 at the time the patent application was filed; and ii) $5,000 at the time the patent issued.

16. The Bonus Program was put in place after Morris commenced his employment with Scenera, and remained in effect throughout 2005, 2006, and 2007. During these years, Morris received bonus payments under Scenera's Bonus Program.

17. In early 2008, Scenera decided to modify its Bonus Program due to the significant amount of "up front" bonuses that were being paid to researchers under the Program. Accordingly, in or around January 2008, Ryan Fry ("Fry"), the Manager of Scenera, met with Morris to discuss this issue. Scenera, with the agreement of Morris, suspended the Bonus Program as of January 2008. After that time, no Scenera employees were paid bonuses under the Bonus Program.

18. After January 2008, Scenera did not have a bonus plan in place, and no bonuses were paid to any of its inventors. On or about June 17, 2009, Scenera instituted a new incentive bonus plan for all of its employees (including Morris).

19. Even after suspending the Bonus Program in January 2008, Morris continued to receive his annual base salary, plus benefits, throughout his employment with the company. In consideration of this salary, Morris continued, up until the latter part of 2008, to perform his job responsibilities as VP of Research and Development, including inventing technologies, working

with Scenera's patent attorneys or agents on the filing of patent applications to cover his inventions, and executing assignments placing ownership of those patent applications and any issued patents with Scenera and/or its affiliates or subsidiary companies.

## MORRIS DEMANDS PAYMENT OF POST-SUSPENSION BONUSES

20. In October 2008, Morris requested that Scenera pay bonuses to him for patent applications that had either been filed or that had issued *after* the Bonus Program had been suspended in January 2008.

21. In May 2009, Morris, through counsel, contacted Fry and reiterated his demand that Scenera pay him bonuses, now totaling $210,000, for patent applications that had been filed or that had issued as patents between January 2008 and March 2009. Scenera declined this request, given that the Bonus Program had not been in effect during this time.

22. In May 2009, Morris stated that he would not agree to sign assignments and other formal documents for certain patent applications within Scenera's Patent Rights listing Morris as an inventor (hereinafter "the Unassigned Patent Applications"). The inventions described in the Unassigned Patent Applications were conceived while Morris was employed by Scenera.

23. Morris has no ownership interest in the Unassigned Patent Applications, in part because Morris conceived of the inventions described in the Unassigned Patent Applications while employed by Scenera.

24. Morris refused to execute assignments for the Unassigned Patent Applications despite the fact that his position with Scenera—for which he was being compensated with a generous annual salary—obligated him to sign assignments and other formal documents in favor of his employer, Scenera, and its affiliates and subsidiaries.

25. In June 2009, Scenera presented Morris with a new employment agreement and compensation structure. Morris rejected the terms of Scenera's proposal.

## MORRIS' RESIGNATION AND THE CURRENT DISPUTE

26. In late June 2009, Morris began telling his co-workers that he was unhappy with the employment terms Scenera had presented him with, and that he would be terminating his employment with the company soon.

27. On July 5, 2009, Morris stated to Fry that he was "on his way out" of Scenera. Around this time, on July 2, 2009, Morris' counsel stated in writing to Scenera's counsel that "it's best to part ways" and proposed that the parties begin "negotiat[ing] a termination agreement."

28. During this time, Morris continued to refuse to execute assignments for the Unassigned Patent Applications.

29. In light of Morris' statements and conduct, on July 9, 2009, Scenera accepted Morris' resignation from the company, effective July 10, 2009. On July 17, 2009, Scenera confirmed in writing its acceptance of Morris' resignation.

30. Shortly after his resignation from the company, Morris, through counsel, stated that he intended to seek a "rescission" of any patent assignments he had previously executed assigning ownership in the inventions described in Scenera's Patent Rights to Scenera.

31. Morris continues to refuse to execute any assignments or other documents for any of the Unassigned Patent Applications.

32. Morris continues to assert that he is entitled to bonuses—now asserting that such bonuses total $230,000—despite the fact that these claimed bonuses relate to patent applications

that were either filed or issued as patents *after January 2008*, at which point Scenera's Bonus Program was no longer in effect.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment Under 28 U.S.C. § 2201—Scenera's Patent Rights)**

33.   Scenera re-alleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

34.   Pursuant to 28 U.S.C. §2201(a), this Court may declare the rights of any interested party seeking such a declaration in a case of actual controversy.

35.   There is a justiciable controversy between Scenera and Morris with respect to: i) Scenera's Patent Rights; ii) the Unassigned Patent Applications, and iii) the patent assignments Morris previously signed during his employment, assigning ownership in the inventions described in Scenera's Patent Rights to Scenera.

36.    A declaration of rights pursuant to 28 U.S.C. §§ 2201 and 2202 would resolve the uncertainty facing Scenera with regard to these issues.

37.   Scenera is entitled to a declaration from this Court defining the respective rights and obligations of the parties, and declaring that:

a)   The patent assignments previously signed by Morris formally assigning ownership in the inventions described in Scenera's Patent Rights to Scenera and/or its affiliates or subsidiaries are fully valid and enforceable;

b)   Morris has no right or basis to rescind the patent assignments previously signed by Morris formally assigning ownership in the inventions described in Scenera's Patent Rights to Scenera, and/or its affiliates or subsidiaries;

c)   Morris has no ownership interest in the Unassigned Patent Applications

and the inventions described therein;

      d)     Pursuant to his employment by Scenera, Morris is obligated to execute any assignments or other necessary documents in order to place ownership of the Unassigned Patent Applications in Scenera and/or its affiliates or subsidiaries.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Under 28 U.S.C. § 2201– Morris' Claimed Bonus Payments)

38.     Scenera re-alleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

39.     Pursuant to 28 U.S.C. §2201(a), this Court may declare the rights of any interested party seeking such a declaration in a case of actual controversy.

40.     There is a justiciable controversy between Scenera and Morris with respect to Morris' demand for additional bonus compensation representing bonuses allegedly earned after January 2008.

41.     A declaration of rights pursuant to 28 U.S.C. §§ 2201 and 2202 would alleviate the uncertainty facing Scenera with regard to these issues.

42.     Scenera is entitled to a declaration from this Court defining the respective rights and obligations of the parties, and declaring that:

      a)     Scenera's Bonus Program was not in effect after January 2008, the period pursuant to which Morris seeks bonus payments;

      b)     Morris is not entitled to additional bonus payments in any amount;

      c)     Morris is not entitled to any other bonuses for patent applications filed or patents that issued at any time after January 2008;

      d)     Morris effectively resigned his employment with Scenera as of July 10,

2009.

**WHEREFORE**, Plaintiff Scenera Research LLC respectfully requests that this Court:

(1) Issue a Declaratory Judgment that any patent assignments previously signed by Morris formally assigning ownership in the inventions described in Scenera's Patent Rights to Scenera and/or its affiliates or subsidiaries are valid and enforceable;

(2) Issue a Declaratory Judgment that Morris has no right or basis to rescind the patent assignments previously signed by Morris formally assigning ownership in the inventions described in Scenera's Patent Rights to Scenera, and/or its affiliates or subsidiaries;

(3) Issue a Declaratory Judgment that Morris has no ownership interest in the Unassigned Patent Applications and the inventions described therein;

(4) Issue a Declaratory Judgment that Morris is obligated to execute any assignments or other necessary documents in order to place ownership of the Unassigned Patent Applications in Scenera and/or its affiliates or subsidiaries;

(5) Issue a Declaratory Judgment that Scenera's Bonus Program was not in effect after January 2008;

(6) Issue a Declaratory Judgment that Morris is not entitled to any bonuses for patent applications filed or patents issued any time after January 2008;

(7) Issue an Order requiring Morris to execute and deliver any and all assignments or other papers that may be necessary or desirable to perfect the title in and to the Unassigned Patent Applications (including any additional, divisional, continuing, or reissue applications) for inventions disclosed in the Unassigned Patent Applications, including, without limitation, any assignments, oaths, or declarations pursuant to 37 C.F.R. § 1.63;

(8) Award Scenera its attorneys' fees, costs, and litigation expenses incurred in this action;

(9) Award such other legal and equitable relief as this Court may deem just and proper.

This the 17th day of September, 2009.

**KILPATRICK STOCKTON LLP**

 /s/ Hayden J. Silver, III
Hayden J. Silver III (NC State Bar 10037)
jaysilver@kilpatrickstockton.com
Jason Link (NC State Bar 25689)
jlink@kilpatrickstockton.com
John M. Moye (NC State Bar 35463)
jmoye@kilpatrickstockton.com
3737 Glenwood Avenue, Suite 400
Raleigh, NC  27612
Phone:  (919) 420-1700
Fax:  (919) 420-1800

*Attorneys for Scenera Research LLC*