IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SCENERA RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PAUL MORRIS,<br><br>Defendant. | Civil Action No. 5:09-cv-412-FL |
| ROBERT PAUL MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>SCENERA RESEARCH LLC and<br>RYAN C. FRY,<br><br>Defendants. | Civil Action No. 5:09-cv-439-FL |

## **CONSENT PROTECTIVE ORDER**

WHEREAS, the parties have jointly requested and consent to entry of a protective order under Rule 26 of the Federal Rules of Civil Procedure to protect commercially sensitive information during discovery and trial. This case arises from a dispute between Scenera Research LLC and Ryan C. Fry (collectively, "Scenera"), and Robert Paul Morris ("Morris"), a former employee, regarding the validity and enforceability of patents on inventions that Morris developed during the course of his employment—patents which, in some cases, Scenera still intends to license, enforce, or monetize, notwithstanding Morris's departure from the company.

US2008 1457293.4

Given the nature of the case, certain confidential and proprietary business information of the types contemplated in Rule 26(c) will be requested and exchanged by the parties during the discovery process, including competitive business materials, future business projections, and other sensitive business documents with future applicability. Therefore, it appearing to the Court there is good cause to enter an order to protect confidential information during discovery and trial:

IT IS HEREBY ORDERED that Scenera and Morris, and any non-party, that, by itself or through its counsel, agrees to the terms of this Protective Order as provided herein, shall be governed by the following terms and conditions in connection with the production of Confidential Information (as defined herein) in this action.

**A.   Definitions**

1.   "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.   "Material": all information and documents and things, regardless of medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, discovery responses, pleadings, exhibits, or tangible things), produced, served or otherwise provided, whether formally or informally, in this action by the Parties or by nonparties.

3.   "Designated Material": Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

4.   "Designating Party": a Party or non-party that designates Material that it produces, serves, or otherwise provides in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2

5. "CONFIDENTIAL" Material: Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

6. "Producing Party": a Party or non-party that produces Material in this action.

7. "Receiving Party": a Party that receives Material from a Producing Party.

8. "Counsel of Record": (i) counsel who appears on the pleadings as counsel for a Party, and (ii) partners, associates and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

9. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party, and their employees and subcontractors.

10. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; document coding; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and members of mock juries and focus

US2008 1457293.4

groups retained by such a consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.     Scope/Applicability of Protective Order**

11.     This Order and any amendments or modifications hereto ("Protective Order") shall govern all Material, or portion thereof, or any Material produced or provided, formally or informally, by any Party or non-party to the litigation, to any other party. The Material protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for the production of documents, deposition testimony, transcripts and videotapes, deposition exhibits, pleadings, affidavits, briefs, motions, and any other writings or things produced, given or filed in this action. This Order shall also apply to any copies, excerpts, abstracts, charts, analyses, summaries, descriptions, notes, or other forms of recorded information containing, reflecting, or disclosing any such designated Material. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, applicable case law, or any deadlines specifically set by this Court.

**C.     Access To Designated Material**

12.     **"CONFIDENTIAL" Material:**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "CONFIDENTIAL" *only* to the following in addition to those identified below regarding use of Designated Material at depositions:

(a)     Robert Paul Morris, Ryan C. Fry, or Scenera Research LLC and/or employees, officers, or directors of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A;

4

US2008 1457293.4

(b) Counsel of Record;

(c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A;

(d) witnesses, during deposition and/or at trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(e) the Court and its personnel;

(f) any designated mediator who is assigned to hear this matter, and his or her staff;

(g) court reporters and videographers; and

(h) Professional Vendors to which disclosure is reasonably necessary for this litigation.

13. Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached as Exhibit A, shall do so prior to the time such Designated Material is disclosed to him or her. Counsel for a party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for all other parties at the termination of this action.

14. Pretrial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material. A Receiving Party intending to disclose or discuss another party's Designated Material at a pretrial or trial proceeding, shall provide notice to the other parties, and in the case of trial, to the Court, ten days in advance of said proceeding, or if

the proceeding is set less then ten days in advance, then promptly after receiving or giving notice of said proceeding.

### D. Use Of Designated Material

15. **Use Of Designated Material By Receiving Party.** Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way. The Receiving Party shall maintain all Designated Material in a safe and secure area. Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

16. **Use Of Designated Material By Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own Material, nor shall it prevent the Designating Party from disclosing its own confidential Material. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

17. **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that party;

6

US2008 1457293.4

Case 5:09-cv-00412-FL   Document 48   Filed 09/24/10   Page 6 of 18

(b) A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c) Non-parties may be examined or testify concerning any Designated Material of a Producing Party, which is reasonably believed to be relevant or material to the subject matter of the witnesses testimony.

(d) Any person other than a deposition witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from any portion of the deposition when such information is discussed or otherwise disclosed, unless the Producing Party consents to persons other than qualified recipients being present during that portion of the deposition.

18. A witness who previously had access to Designated Material but who is not under a present nondisclosure agreement with the Producing Party that covers that Material, may be shown the Material if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; or the witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the parties to keep confidential any questions, testimony or documents that are Designated Material. The witnesses may not copy, take notes on, or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is Designated Material. The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes

7

US2008 1457293.4

may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order).

E. **Procedure for Designating Materials as "Confidential"**

19. Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" material the Designating Party believes in good faith meets the definition set forth in Paragraph 5 above.

20. Any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "CONFIDENTIAL" information and shall be subject to this Order. Thereafter, the Producing Party shall have ten calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" Material prior to furnishing copies to the Receiving Party.

21. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order should be designated in accordance with this Order before the material is disclosed or produced.

22. Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" on each page that contains Designated Material.

(b) For Material disclosed at a deposition or other pretrial or trial proceedings, the Designating Party may designate any portion of the testimony, document or other

information as "CONFIDENTIAL." The parties will use their best efforts to make all such designations at the times of the deposition or other pretrial and/or trial proceedings. However, if no such designation is made at the time of the deposition, any party may later designate testimony, documents or information disclosed at a deposition as "CONFIDENTIAL" by informing the reporter and opposing party in writing within twenty-one calendar days of receipt of the transcript of the deposition of the designations to be applied. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Designating Party. All deposition transcripts will be treated as "CONFIDENTIAL" during the deposition and until the ten-day period has expired.

(c) For Material produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL."

23. The parties will use reasonable care when designating Material as "CONFIDENTIAL." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "CONFIDENTIAL" Material have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the designation of material as "CONFIDENTIAL" with respect to any document or information contained therein.

24. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party,

and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a "CONFIDENTIAL" designation.

### F. Procedure for Designating "Highly Confidential – Attorneys' Eye's Only" Materials.

25. The parties anticipate that, during the course of this litigation, certain materials may be considered by the Producing Party to be "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" information for purposes of this Protective Order shall mean information that the Producing Party reasonably and in good faith believes satisfies the criteria for designating such information as "CONFIDENTIAL" pursuant to Paragraph 5 above, and reflects such highly confidential business information that the Producing Party reasonably and in good faith believes satisfies the criteria for designating such information as "Confidential" and to which the Receiving Party did not have access prior to this litigation. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information includes: (a) material that the producing party believes reasonably and in good faith contains trade secrets, as well as (b) business development or financial information that has not been made public and which, if disclosed to a competitor would adversely affect the Producing Party's competitive position—such as business plans or strategies; costs or pricing information; sales and revenue information; contemplated, actual, or prospective business dealings with third-parties; and development strategy—to which the Receiving Party did not have access prior to this litigation.

26. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "HIGHLY

10

US2008 1457293.4

Case 5:09-cv-00412-FL   Document 48   Filed 09/24/10   Page 10 of 18

CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material only to the following in addition to those identified below regarding use of Designated Material at depositions:

(a) Counsel of Record;

(b) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided such Outside Consultant has signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A; the Court and its personnel;

(c) any designated mediator who is assigned to hear this matter, and his or her staff;

(d) court reporters and videographers; and

(e) Professional vendors to which disclosure is reasonably necessary for this litigation.

27. In the event the Producing Party believes that a particular document or material should be designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Producing Party shall, in advance of producing such document or material, provide a copy for counsel to the Receiving Party, with a brief explanation as to the Producing Party's basis for designating the document or material as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

28. The parties will use reasonable care when designating Material as "HIGHLY CONFIDENTIAL." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "HIGHLY CONFIDENTIAL" have been improperly designated and challenging that designation using the procedures set forth below. A Receiving Party may at any time request that the Producing Party cancel or modify the

designation of material as "HIGHLY CONFIDENTIAL" with respect to any document or information contained therein.

A party shall not be obligated to challenge the propriety of a "HIGHLY CONFIDENTIAL" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a "HIGHLY CONFIDENTIAL" designation.

During the time period the Producing Party's designation of the document or material is being considered or challenged by the Receiving party under this provision, such document or material shall retain its designation as "HIGHLY CONFIDENTIAL" and shall remain and be treated as "HIGHLY CONFIDENTIAL" up through and until the resolution of the parties' dispute, either or without court involvement.

### G. Non-Waiver Of Attorney-Client and Work-Product Privileges As to Communications With Scenera's Outside Patent Counsel

The parties anticipate that, in the course of producing documents and materials during discovery in this action, certain documents in Scenera's possession may contain or otherwise reference privileged communications between Scenera, its officers, employees, and managers, and Scenera's inside and outside patent counsel during Morris's employment—including communications with Scenera's inside patent counsel and communications with Scenera's outside law firms retained by Scenera for the purpose of its patent prosecution and patent enforcement activities. Given the nature of Scenera's business, Morris's role in Scenera's patent

12

US2008 1457293.4

prosecution activities during his employment with the company, and the nature of this dispute (which directly involves Scenera's patent prosecution activities), such information is likely to be relevant to a number of the claims and counterclaims between the parties.

Accordingly, the parties hereby stipulate and agree that Scenera may, during the course of this litigation, produce to Morris communications between Scenera and its inside and outside patent counsel between 2004 and July 10, 2009 related to Scenera's patent prosecution and enforcement activities, and that Scenera's production of such materials shall not in any way waive any and all applicable privileges as to such material, including but not limited to the attorney-client privilege and the work product privilege. For the avoidance of doubt, the parties hereby stipulate and agree that any such documents and communications shall be protected, to the greatest extent permitted by law, by the common interest privilege and any other applicable privileges and immunities. Scenera hereby expressly reserves all rights to assert that any such materials are privileged, confidential, propriety, or otherwise protected under the law.

H.   **Privilege**

29.   Federal Rule 26(b)(5)(B) shall govern the production of information subject to a claim of privilege or of a protection as trial-preparation material.

I.   **Inadvertent Failure To Designate**

30.   An inadvertent failure to designate qualified Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" with the factual basis for the assertion of

such designation(s). Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the Material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of the Material bearing the proper confidentiality designation.

### J. **Filing Designated Material**

31. Each time a party seeks to file under seal Confidential Discovery Material, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

32. When a party seeks to file Confidential Discovery Information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

US2008 1457293.4

### K. Unauthorized Disclosure Of Designated Material

33. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

### L. Nonparty Use of this Protective Order

34. A non-party producing Material voluntarily or pursuant to a subpoena or a court order may designate such Material or information in the same manner and shall receive the same level of protection under this Protective Order as any Party to this lawsuit.

### M. Duration

35. Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### N. Miscellaneous

36. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

37. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person

to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

38.  This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

39.  The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Designated Materials shall return such information and all copies thereof to counsel for the producing party, or shall certify destruction thereof. Counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney-work product (including court papers, transcripts, and attorney work product that contain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" provided that such counsel, and employees of such counsel, shall not disclose any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to court order or a written agreement with the producing party of the information. All Designated Material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this section.

16

US2008 1457293.4

40. The United States District Court for the Eastern District of North Carolina is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of North Carolina. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

The parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, or an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had been entered by the Court.

This the 23rd day of September, 2010.

SO ORDERED:

_____
LOUISE W. FLANAGAN
Chief United States District Court Judge

17

US2008 1457293.4

Case 5:09-cv-00412-FL   Document 48   Filed 09/24/10   Page 17 of 18

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
## BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matters of *Scenera Research LLC v. Robert Paul Morris* and *Robert Paul Morris v. Scenera Research LLC & Ryan C. Fry*, Case Nos. 5:09-CV-00412-F and 5:09-CV-00439-F, which cases are pending in the United States District Court for the Eastern District of North Carolina, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[printed name]


_____
[signature]

US2008 1457293.4