IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-412-FL

| | |
|---|---|
| SCENERA RESEARCH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT PAUL MORRIS, | ) |
| | ) **ORDER** |
| Defendant. | ) |

NO. 5:09-CV-439-FL

| | |
|---|---|
| ROBERT PAUL MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SCENERA RESEARCH, LLC and | ) |
| RYAN C. FRY, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court following informal telephonic conference with the parties, with Robert Paul Morris ("Morris") appearing through counsel Walter Brock Jr. and Andrew Flynt, and Scenera Research, LLC and Ryan C. Fry (collectively, ("Scenera") appearing through counsel Hayden J. Silver III and John M. Moye. At conference, the court took up issues relating to Scenera's concerns about purported inadvertent disclosure of documents protected by the attorney-client privilege, Morris's two motions to compel, and the parties' motions to seal. The determinations made by the court, in consultation with the parties and in furtherance of the continued efficient administration of this case, are memorialized herein as follows:

1.	Morris's motions to compel (DE ## 58 and 66) now are ripe, and will be taken up by the court in due course. The court may order provision of certain materials referenced in these motions and by the parties at conference for *in camera* review at a later date. Pending the disposition of the motions to compel, the court STAYS further briefing on the parties's motions for summary judgment (DE ## 61 and 72). Responses to the parties' summary judgment motions are due within fourteen (14) days of the court's decision on the motions to compel.

2.	Briefing on Morris's motion to dismiss and to remand for lack of subject matter jurisdiction (DE # 64) will continue. Scenera's response to this motion is due on or before January 10, 2011. Morris shall have fourteen (14) days from service of the response to file a reply, if any.

3.	The parties' motions to seal (DE ## 64 and 74) do not comply with the requirements of the consent protective order in this case, entered September 24, 2010, and are DENIED without prejudice to renewal on or before January 10, 2010.* The parties are reminded that a party seeking leave to file confidential discovery material under seal must:

> accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

---

* The parties agree that because the material to be sealed, including that contained in Morris's motion, was designated as confidential by Scenera, the burden shall be on Scenera in any renewed motion to justify sealing the material designated at both docket entry 64 and docket entry 74. The Clerk has been directed to maintain the relevant materials under seal until the court has had an opportunity to review any renewed motion. If no renewed motion is timely made, the Clerk shall unseal the material.

(Consent Protective Order ¶ 31.) The parties are directed also to Section T of the court's Electronic Case Filing Administrative Policies and Procedures Manual, which is available on the court's website at http://www.nced.uscourts.gov/PDF_files/PolicyManual.pdf.

4. The parties previously appeared before Magistrate Judge David W. Daniel for court-hosted settlement discussions. Although their efforts were not fruitful at that time, the parties have indicated that further settlement activities before Judge Daniel would be helpful following ruling on the motions for summary judgment. Accordingly, the parties are directed to provide joint notice to the court within fourteen (14) days of entry of the order disposing of the motions for summary judgment identifying three alternative dates of availability that counsel and all persons necessary to effect a resolution of remaining issues in dispute can be present before Judge Daniel.

5. Trial in this matter is currently set for that term of court beginning May 16, 2011, at the United States Courthouse in New Bern, North Carolina. Where the briefing schedule contemplated in this order makes this trial setting untenable, and where the court cannot reasonably estimate a date by which the motions for summary judgment will be adjudicated, this matter is removed from the court's trial calendar. The court will set this case for trial following decision on the motions for summary judgment. In the joint notice described above, the parties are to provide the court with the anticipated trial length and any special trial requests, including any request for a special setting.

SO ORDERED, this the 27th day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge

3