IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-412-FL

| | |
|---|---|
| SCENERA RESEARCH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT PAUL MORRIS, | ) |
| | ) |
| Defendant. | ) |

NO. 5:09-CV-439-FL

| | |
|---|---|
| ROBERT PAUL MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SCENERA RESEARCH, LLC and | ) |
| RYAN C. FRY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on the motions to seal filed by Robert Paul Morris ("Morris") and Scenera Research LLC and Ryan C. Fry's (collectively, "Scenera") (DE ## 85, 87, and 89). The public has been given advance notice of the parties' request to seal these materials, and the motions to seal have been docketed well in advance of this court's decision on such motions. See In re Knight Publishing Co., 743 F.2d 231 (4th Cir. 1984). No objection has been lodged on the docket to maintaining these materials under seal. Accordingly, the issues raised by these motions now are ripe for disposition. For good cause shown, the motions are ALLOWED.

The documents the parties ask the court to take under seal relate to Morris's motion to dismiss and to remand for lack of subject matter jurisdiction as well as Scenera's motion for summary judgment and partial summary judgment. Because the documents sought to be sealed are related to dispositive motions, they are subject to a First Amendment right of access by the public. See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). This constitutional right of access may only be overcome by a compelling interest, and any denial of access to the documents must be narrowly tailored to serve that interest. Id.

The material sought to be sealed includes confidential personal and business information. The court finds the justification behind sealing this information to be compelling, particularly in light of no opposition from the public. The court also believes that maintaining these materials under seal is narrowly tailored to that interest. However, in its discretion the court may include relevant information in the publicly-available dispositive orders that would otherwise be kept under seal by this order. In such circumstances, the court will strive to balance the parties' desires to keep this information private with the public's right of access.

SO ORDERED, this the 14th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge