IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-412-FL

| | |
|---|---|
| SCENERA RESEARCH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT PAUL MORRIS, | ) |
| | ) |
| Defendant. | ) |

NO. 5:09-CV-439-FL

| | |
|---|---|
| ROBERT PAUL MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SCENERA RESEARCH LLC and | ) |
| RYAN C. FRY, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

These matters come before the court upon the motion of Robert Paul Morris ("Morris")

challenging subject matter jurisdiction pursuant to Rule 12(b)(1) and 28 U.S.C. § 1447(c) (DE # 64).

Contending that complete diversity between the parties is lacking, Morris seeks an order dismissing

Scenera Research LLC v. Morris, No. 5:09-CV-412-FL, and remanding Morris v. Scenera Research

LLC et al., No. 5:09-CV-439-FL, to state court. Scenera Research LLC ("Scenera") and Ryan C. Fry

("Fry") have responded in opposition, and Morris has replied. In this posture, the issues raised are

ripe for adjudication. For the reasons that follow, Morris's motion is granted.

On September 17, 2009, Scenera filed a declaratory judgment action under 28 U.S.C. § 2201 against Morris in this court. Scenera sought a declaration of the respective rights and obligations of the parties with respect to certain patents, patent assignments, and bonus payments arising out of Morris's employment with Scenera. Morris answered the complaint on October 23, 2009.

On September 25, 2009, Morris filed an action in state court against Scenera and Fry, who is the Chief Executive Officer and managing member of Scenera, asserting causes of action arising under North Carolina statutory and common law. As with the declaratory judgment action, Morris's state court action pertains to the employment relationship between Morris and Scenera as well as the assignment of patents. Scenera and Fry removed Morris's state court action to this court on October 5, 2009. On November 17, 2009, Scenera counterclaimed against Morris for breach of fiduciary duty and breach of assignment. By order entered June 21, 2010, the court permitted Morris to amend his complaint to add a claim for retaliatory employment discrimination.

On October 23, 2009, Morris moved to dismiss Scenera's complaint for lack of subject matter jurisdiction and to remand his own case back to state court. Morris contended that the pleadings and notice of removal were insufficient to demonstrate diversity of citizenship. The court, by order entered January 21, 2010, permitted Scenera to amend its complaint and permitted Scenera and Fry to amend their notice of removal to properly assert diversity of citizenship. The court denied Morris's motion.

Also on January 21, 2010, and at the suggestion of the parties, the court consolidated these two actions for discovery and further proceedings, with all filings to be made in the docket for the declaratory judgment action filed by Scenera. The court denied Scenera's later motion for leave to

2

amend its complaint to consolidate its declaratory judgment action and its counterclaims to Morris's action into a single pleading. Although consolidated for purposes of discovery and pretrial proceedings, these two actions continue to maintain separate identities.

On December 15, 2010, Morris filed a motion renewing his challenge to jurisdiction, based on information purportedly learned during discovery. Morris contends that Scenera is "stateless" for purposes of § 1332(a)(1), and that this court is therefore without subject matter jurisdiction over either of these actions. Scenera and Fry responded on January 1, 2011. Morris replied on January 26, 2011.

## DISCUSSION

A.    Standard of Review

Subject-matter jurisdiction may be challenged at any time and if it is lacking the case must be dismissed or remanded by the court. See Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1447(c). The Fourth Circuit recognizes two types of challenges to subject matter jurisdiction. "First, the defendant may contend that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," in which case the "facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation marks and citations omitted). "In the alternative, the defendant can contend . . . that the jurisdictional allegations in the complaint are not true," in which case the court "may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." Id. at 192, 193.

Whereas Morris's initial motion challenging subject matter jurisdiction was limited to the deficient allegations in Scenera's complaint and the notice of removal filed by Scenera and Fry, the

3

instant motion challenges that the jurisdictional allegations in those pleadings are untrue. Accordingly, the court need not accept the allegations of Scenera and Fry as to subject matter jurisdiction, and may resolve any disputed jurisdictional facts. Scenera and Fry, the parties asserting subject matter jurisdiction, have the burden of proving that diversity exists. See Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010).

In each action, the basis asserted by Scenera and Fry for this court's exercise of jurisdiction is diversity of citizenship. Pursuant to statute, this court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). An action filed in state court that meets the requirements of § 1332(a)(1) may be removed to federal court if no defendant is a citizen of the state where the action was originally brought. See 28 U.S.C. § 1441(b); Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005).

Under § 1332(a)(1), diversity must exist at the time the complaint is filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004). For removal based on diversity jurisdiction, "diversity must have existed both at the time the action was originally commenced in state court and at the time of filing the petition for removal." Rowland v. Patterson, 882 F.2d 97, 99 (4th Cir. 1989) (en banc). "[E]ven if the citizenship of the parties changes after the commencement of the action so as to destroy complete diversity, . . . the federal court continues to have authority to decide the case." Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999). Accordingly, the court looks only at the facts as they existed at the time of the pleadings in determining whether Scenera and Fry have met their burden to demonstrate diverse citizenship.

4

B.    Analysis

It is undisputed that Morris is a citizen of the state of North Carolina, and that neither Scenera nor Fry is also a citizen of that State.[1]  However, Morris contends that jurisdiction does not exist under § 1332(a)(1) because Scenera is not a citizen of *any* State.  Morris argues that Scenera is "stateless" for purposes of § 1332(a)(1) because one of its sub-members, Amy D. Herrick ("Herrick"), is a United States citizen domiciled in Portugal.  Scenera contends that Herrick is a citizen of Colorado, but insists that even were she "stateless"for purposes of § 1332(a)(1), Scenera would be able to invoke diversity jurisdiction under that statute.

Scenera is a limited liability company.  The citizenship of a limited liability company is that of each of its members.  See Gen. Tech. Apps., Inc. v. Exro Ltda., 388 F.3d 114, 121 (4th Cir. 2004); see also Carden v. Arkoma Assocs., 494 U.S. 185, 191-97 (1990) (holding that the citizenship of a limited partnership is deemed to be that of all of its limited and general partners).  In light of Scenera's confidentiality concerns, the court will not dwell on its corporate structure.  It suffices for present purposes to note that the Amy D. Herrick Nominee Trust is one of the sub-members of Scenera, and that Herrick is both a beneficiary and the trustee of that trust.  Accordingly, it is undisputed that Scenera's citizenship is determined in part by looking to that of Herrick.

"[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile."  Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998).  An individual acquires a "domicile of origin" at birth, but he or she may establish a new domicile as an adult by being physically present in a State with the intent to remain

---

[1] As a matter of statutory interpretation, the courts have long required complete diversity of citizenship, meaning "no party [may] share[] common citizenship with any party on the other side." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806)).

5

there permanently or indefinitely.  Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); Johnson v. Advance Am., 549 F.3d 932, 937 n.2 (4th Cir. 2008). In other words, a "domicile of choice" is established when a person moves to a State "intend[ing] to make the new place her home." Jahed v. Acri, 468 F.3d 230, 236 (4th Cir. 2006). "[A]lthough a person may have more than one residence, he may only have one 'domicile' for purposes of determining subject matter jurisdiction." Dyer v. Robinson, 853 F. Supp. 169, 172 (D. Md. 1994).

Domicile has been described as requiring "a nexus between person and place of such permanence as to control the creation of legal relations and responsibilities of the utmost significance." Williams v. North Carolina, 325 U.S. 226, 229 (1945). The Fourth Circuit has defined domicile as "'a person's true, fixed, principal and permanent home.'" Jahed, 468 F.3d at 236 (quoting Black's Law Dictionary 523 (8th ed. 2004)). This court has described domicile as that place where an individual "intends to remain permanently or indefinitely and to which he intends to return whenever he is away." Hollowell v. Hux, 229 F. Supp. 50, 52 (E.D.N.C. 1964).

"A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996). Where "intent to remain" is challenged, courts typically look to facts such as "current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." Kyung Park v. Holder, 572 F.3d 619, 624-25 (9th Cir. 2009); accord Perez v. Santaella, 364 F.3d 348, 351 (1st Cir. 2004); Coury, 85 F.3d at 251; see also Pac. Mut. Life Ins. Co. of Cal. v. Tompkins, 101 F. 539, 542 (4th Cir. 1900) (looking to "the exercise of political rights, the

6

payment of personal taxes, a house of residence, and a place of business"). "No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature." <u>Perez</u>, 364 F.3d at 351.

Where, as here, a party asserts that an American citizen has relinquished an established state domicile in favor of a foreign domicile, additional considerations come into play. It has long been the law that "[a] domicile once existing continues until another is acquired." <u>Desmare v. United States</u>, 93 U.S. 605, 610 (1876). As such, a domicile "is presumed to continue until it is shown to have been changed." <u>McCann v. Newman Irrevocable Trust</u>, 458 F.3d 281, 286-87 (3d Cir. 2006) (internal quotation marks and citations omitted). "This principle gives rise to a presumption favoring an established domicile over a new one." <u>Id.</u> Accordingly, "[w]here a change of domicile is alleged, the burden of proof rests upon the party making the allegation." <u>Desmare</u>, 93 U.S. at 610.[2]

According to her affidavit, Herrick was born in New Hampshire in 1967. This is sufficient to demonstrate an initial domicile in that State. <u>See</u> <u>Miss. Band of Choctaw Indians</u>, 490 U.S. 30 at 48. Herrick further declares that she has lived in a number of other States, including New York, Connecticut, Rhode Island, Vermont, Massachusetts, and Colorado. She now resides in Lisbon, Portugal. Absent a sufficient evidentiary showing from Morris, this would be enough for Scenera to invoke diversity jurisdiction, because it is assumed that Herrick retains her New Hampshire citizenship until proven otherwise. <u>See</u> <u>Desmare</u>, 93 U.S. at 610; <u>McCann</u>, 458 F.3d at 286-87.

---

[2] Most of the courts of appeal interpreting this rule have concluded that "the presumption favoring an established domicile places the burden of production on the party alleging a change in domicile, but does not affect the burden of persuasion, which remains with the proponent of federal jurisdiction." <u>See</u> <u>McCann</u>, 458 F.3d at 288; <u>accord</u> <u>Coury</u>, 85 F.3d at 250-51; <u>Bank One, Texas, N.A. v. Montle</u>, 964 F.2d 48, 50 (1st Cir. 1992); <u>Lew v. Moss</u>, 797 F.2d 747, 751 (9th Cir. 1986); <u>see also</u> <u>King v. Cessna Aircraft Co.</u>, 505 F.3d 1160, 1171 (11th Cir. 2007). <u>But see</u> <u>Gutierrez v. Fox</u>, 141 F.3d 425, 427 n.1 (2d Cir. 1998). This court agrees with that interpretation of <u>Desmare</u>. Accordingly, Morris need only produce sufficient evidence to support a finding of a change in domicile. The ultimate burden of proving domicile remains with Scenera and Fry.

7

Morris, however, has amounted significant evidence to suggest that Herrick abandoned her New Hampshire domicile (or that of any of the other States mentioned above) and that she is now a domiciliary of Portugal. He notes that Herrick currently lives in Lisbon with her husband and two minor children. Herrick confirms that she moved to Portugal in 1990 and earned a degree from the New University of Lisbon in 1992. According to Herrick, she currently spends nine months of the year in Portugal while spending only three months of the year in the United States. Morris also notes that Herrick maintains a social life in the Lisbon area and is involved with charitable and social organizations in Portugal. She has small ownership interests in two Portuguese businesses, serving on the board of one of them. Morris points to information in various public records and legal documents in which Herrick is described as "of Lisbon, Portugal." Finally, Portuguese public records provided by Morris establish that Herrick has a Portuguese taxpayer identification number, which suggests that she pays taxes in Portugal.

This showing is sufficient to carry Morris's burden of proof under <u>Desmare</u>. But before turning to whether Scenera and Fry can meet their ultimate burden of proving some other domicile for Herrick, the court must first address the significance of a possible foreign domicile in this case. Conceding that a U.S. citizen domiciled abroad cannot be a party to a suit in federal court based on diversity jurisdiction because such a person is "stateless" for purposes of § 1332(a), <u>see</u> <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828-29 (1989); 13E Charles A. Wright et al., <u>Federal Practice & Procedure</u> § 3621 (3d ed. 2009), Scenera argues that Herrick is not a *party* to this case but rather is a sub-member of a party. Even if Herrick is found to be domiciled in Portugal, Scenera argues that it would be improper to impute her statelessness to Scenera because that would "erase the status of all of [its] other members" who are domiciled in various States in this country.

8

As already mentioned, "[a] limited liability company organized under the laws of a state is . . . an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." See Gen. Tech. Apps., 388 F.3d at 121. Explaining the rationale of this rule, the Supreme Court noted that it had "firmly resisted" treating business entities other than corporations as "citizens" for purposes of § 1332. See Carden, 494 U.S. at 189. Instead, it noted the "tradition of the common law . . . is to treat as legal persons only incorporated groups and to assimilate all others to partnerships." Id. at 190 (internal quotation marks omitted). Because a limited liability company is not a legal person, much less a "citizen" of any state, diversity jurisdiction is established by looking through the company to the citizenship of "each of its members." See United Steelworkers of Am. v. R.H. Bouligny, Inc., 382 U.S. 145, 146 (1965).

In short, a suit by or against such an unincorporated association is in actuality a suit by or against each of its several members for diversity purposes. See Carden, 494 U.S. at 496. As such, Herrick *is* a party for diversity purposes, and even one stateless party on either side of the lawsuit destroys diversity jurisdiction. See Newman-Green, Inc., 490 U.S. at 829. Therefore, contrary to Scenera's argument, a limited liability company that has even a single stateless member or sub-member may not sue or be sued in federal court if diversity under § 1332(a)(1) is the only basis for the court's jurisdiction. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 184 (3d Cir. 2008); Herrick Co. v. SCS Communications, Inc., 251 F.3d 315, 322 (2d Cir. 2001); see also ISI Int'l, Inc. v. Borden Ladner Gervais LLP, 316 F.3d 731, 733 (7th Cir. 2003).[3]

---

[3] The court is cognizant that such a result may appear "inconsistent with reality and common sense." See Swiger, 540 F.3d at 186 (McKee, J., concurring). But although this result may "validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization," the question of how to treat unincorporated associations for purposes of diversity jurisdiction is "a matter for legislative consideration which cannot adequately or appropriately be dealt with by" the courts. See Carden, 494 U.S. at 196.

In an attempt to avoid dismissal and remand, Scenera and Fry argue that Herrick is domiciled in Colorado. Herrick states in her affidavit that she relocated to Telluride, Colorado in 1998, and that she considers Telluride to be her home. Admitting that she currently resides in Portugal, Herrick nevertheless states that she intends to "live full-time in Colorado in the future, most likely when [her] children go to college." She is registered to vote in Colorado, and voted there in 2008. She is employed by Herrick & Company and is an active partner in Herrick Partners, LP, both headquartered in Telluride. Herrick states that she is involved in the day-to-day operations of these companies, and that she also invests in other Colorado business. She owned a two-bedroom home in Telluride (which she sold after commencement of these lawsuits), has a Colorado driver's license, and maintains a post office box in Telluride under the name of Herrick & Company where she receives personal mail. Her primary checking account is located in the United States, with statements sent to her Telluride post office box.[4]

Scenera has established that Herrick maintains some contacts with Colorado, but has not demonstrated by a preponderance of the evidence that she is a domiciliary of that State. That Herrick has a Colorado driver's license and maintains a post office box in Colorado where she receives statements for her U.S.-based checking account are factors to be considered, but are not dispositive. See Perez, 364 F.3d at 351. The court is inclined to assign little weight to these facts, as expatriates may keep such contacts in the United States even while planning to remain for an indefinite period of time overseas. Indeed, Herrick also has a bank account in Portugal, although she purports to use

---

[4] Herrick provides a number of additional facts demonstrating her continued ties to the United States. She states that she files U.S. tax returns; that her primary care physician, dentist, and personal attorneys are located in the United States; that she maintains a cellular phone with a U.S. telephone number; and that the majority of her assets are located in the United States. But no one has argued that Herrick is not a citizen of the United States. What is at issue here is her alleged domicile in Colorado. These facts are irrelevant to that determination.

10

it less frequently than her U.S. account. Herrick's property ownership, her voting registration and exercise of that right, and her substantial business contacts in Colorado are more substantial, see Pac. Mut. Life Ins. Co. of Cal., 101 F. at 542, but the court notes that these activities, whether or not they are "passive" as described by Morris, at least appear not to require her presence in Colorado. Additionally, there is no indication that Herrick ever lived in Colorado or that her property in Telluride ever served as a residence rather than a vacation home.

The weight of the evidence suggests that Herrick is domiciled in Portugal, as she has more substantial contacts with that country than she does with Colorado. Herrick has lived in Portugal since 1990 – before she allegedly "relocated" to Colorado. She attended graduate school there, is married to a Portuguese citizen, and spends most of the year living in Lisbon with her husband and two minor children. She maintains a social life, is involved with charitable and social organizations, and engages in business activities in Portugal. Public records indicate that she may also pays taxes in Portugal. In light of these facts, it appears to the court that Herrick "intends to remain . . . indefinitely" in Portugal and that she "intends to return [there] whenever [s]he is away." Hollowell, 229 F. Supp. at 52.

## CONCLUSION

The court finds that Herrick is domiciled in Portugal and that she is "stateless" for purposes of diversity jurisdiction. Because an unincorporated association with even one stateless member or sub-member may neither sue nor be sued in federal court where § 1332(a)(1) is the only basis asserted for federal jurisdiction, the court finds itself without subject matter jurisdiction over these actions. Accordingly, Morris's motion to dismiss Scenera's declaratory judgment action and to remand his own action to state court (DE # 64) is ALLOWED. Scenera Research LLC v. Morris,

11

No. 5:09-CV-412-FL, is DISMISSED for lack of subject matter jurisdiction. <u>Morris v. Scenera Research LLC et al.</u>, No. 5:09-CV-439-FL is REMANDED to the General Court of Justice, Superior Court Division, Wake County, North Carolina.

SO ORDERED, this the ___14___ day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge